IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CODE REBEL CORPORATION, | : | Case No. 16-11236 (BLS) |
| | : | |
| Debtor. | : | |
| | : | Hearing Date: August 31, 2016 at 9:15 a.m. |
| | | Objection Deadline: August 24, 2016 at 4:00 p.m. |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)**

Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully files this motion for an order extending the time to assume or reject executory contracts and unexpired leases of personal property pursuant to 11 U.S.C. § 365(d)(1) (the "Motion"), for ninety days through October 15, 2016. In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction, Core Nature, and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

**Background**

2. On May 18, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Jeoffrey L. Burtch was appointed to serve as the interim trustee of the Estate shortly thereafter. Mr. Burtch now serves as Trustee pursuant to 11 U.S.C. § 702(d).

3. The Trustee is in the process of reviewing the Debtor's books and records and evaluating the Debtor's assets to facilitate the sale or other disposition of the Debtor's property, including executory contracts (the "Contracts") and unexpired leases of personal property (the "Leases"). For the purposes of this Motion, the Contracts and Leases include those executory contracts and unexpired leases contained in the Debtor's Schedules, as well as any executory contracts and unexpired leases that were in effect as of the Petition Date but were not included in the Debtor's Schedules.

4. Some of the Contracts and Leases may be valuable and/or integral to the Debtor's business. As such, the Contracts and Leases may have value to prospective purchasers of the assets; and preservation of the Contracts and Leases through completion of any sale process is necessary to maximize value for the Estate.

5. The Trustee and his professionals intend to review and analyze the Contracts and Leases, and assess which Contracts and Leases interested parties might wish to assume in connection with a potential asset sale. The Trustee's evaluation of the assets is still in the early stages, and he is not yet in a position to make a final decision regarding the assumption or rejection of the Contracts and Leases.

6. Consequently, the Trustee wishes to preserve the Contracts and Leases potentially for inclusion in the sale process, in order to maximize the value of the Estate's assets.

7. In order to preserve the value of the Estate's assets, the Trustee wishes to ensure that no potentially valuable Contract or Lease is deemed rejected by operation of law. In the exercise of his business judgment, the Trustee has determined that he should seek an extension of the section 365(d)(1) deadline for all of the Contracts and Leases.

## Summary of Relief Requested

8.      The Trustee requests entry of an order extending the deadline by which he may assume or reject the Contracts and Leases, pursuant to section 365(d)(1) of the Bankruptcy Code, through and including October 15, 2016.

## Applicable Authority

9.      Section 365(d)(1) of the Bankruptcy Code states:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

## Analysis

10.     The deadline by which the Trustee must assume or reject executory contracts and unexpired leases of personal property is July 17, 2016.[1]

11.     The Trustee submits that "cause" exists within the meaning of section 365(d)(1) for extension of the assumption/rejection deadlines. The ultimate purchaser or purchasers of the Estate's assets have not yet been identified, and the Trustee cannot determine at this time which of the Contracts and Leases may be desired by such purchaser or purchasers and thus may have value to the Estate. One or more of the Contracts or Leases may be vital to the Trustee's ability to obtain maximum possible value from any sale process. For this reason, preserving all of the Contracts and Leases for an additional period of time is imperative, in order to avoid the possibility that a potentially valuable Contract or Lease will become rejected by operation of law.

---

[1] Del. Bankr. L.R. 9006-2 provides: "Bridge Orders Not Required in Certain Circumstances. Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."

12. The Trustee believes that his requested extension—through and including October 15, 2016—would allow him sufficient time to evaluate the potential disposition of the Contracts and Leases prior to the Contracts and Leases becoming rejected by operation of law. The Trustee respectfully submits that this extension is reasonable, and should be approved under these circumstances.

### Notice

13. Notice[2] of this Motion will be given to (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor; (iii) the Debtor's creditors; (iv) known Counterparties to the Contracts and Leases; and (v) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the form attached hereto: (i) extending the time for the assumption or rejection of the Contracts and Leases through and including October 15, 2016, without prejudice to the Trustee's ability to request and obtain additional extensions except as otherwise limited by the Bankruptcy Code; and (ii) granting any such further relief as may be appropriate.

*[signature on following page]*

---

[2] The service of this Motion on any party shall not constitute an admission that such party and any of the Debtors and/or Estates are parties to an executory contract for purposes of 11 U.S.C. § 365.

Dated: July 15, 2016

COZEN O'CONNOR

/s/ Gregory F. Fischer
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

*Counsel to Jeoffrey L. Burtch,
Chapter 7 Trustee*