IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CODE REBEL CORPORATION, | : | Case No. 16-11236 (BLS) |
| | : | |
| Debtor. | : | Hearing Date: November 30, 2016 at 9:45 a.m. |
| | : | Objection Deadline: November 16, 2016 at 4:00 p.m. |

**APPLICATION FOR ORDER AUTHORIZING THE CHAPTER 7
TRUSTEE TO RETAIN PRIOR AND ASSOCIATES AS ASSET
RECOVERY AGENT FOR THE LIMITED PURPOSE OF PURSUING
RECOVERY OF UNSCHEDULED ASSETS**

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Applicant" or the "Trustee") of the estate (the "Estate") of Code Rebel Corporation (the "Debtor"), by his attorneys, Cozen O'Connor, hereby submits this application (the "Application") for entry of an order pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing him to retain Prior and Associates ("Prior") for the limited purpose of pursuing a recovery with respect to certain properties identified by Prior that were not listed in the Debtor's bankruptcy schedules ("Unscheduled Assets") on behalf of this Chapter 7 estate, and, in support of this Application, respectfully avers as follows:

## BACKGROUND

1. On May 18, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Jeoffrey L. Burtch was appointed to serve as the interim trustee of the Estate shortly thereafter. Mr. Burtch now serves as Trustee pursuant to 11 U.S.C. § 702(d).

2. Recently, Prior, a licensed and bonded investigative firm based in Denver, Colorado that specializes in finding and recovering lost assets for bankruptcy estates, creditors, trustees, liquidating trusts and receiverships, advised the Trustee that it had identified certain potential assets in favor of the Debtor and its estate in the amount of approximately $100,000 (the "Unscheduled Assets").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief sought herein are sections 327 and 328 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

## RELIEF REQUESTED

5. The Trustee requests entry of an order pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the employment and retention of Prior for the limited purpose of attempting to recover the Unscheduled Assets.

## BASIS FOR RELIEF

6. Upon information and belief, and as set forth in the Affidavit of Edward Prior, President of Prior (the "Prior Affidavit"), that is annexed hereto as Exhibit "A" and incorporated herein by reference, Prior is qualified to perform the services for which its retention is sought.

7. As more fully set forth in the Prior Affidavit, Prior specializes in the recovery of discreet assets for Chapter 7 estates and has successfully recovered assets in other bankruptcy cases. *See* Prior Affidavit. As such, Prior is qualified to act as recovery specialist in this case.

8. To the best of the Trustee's knowledge and as set forth in the Prior Affidavit, Prior represents no interest adverse to the estate or its creditors and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

9. Subject to approval by this Court, the Trustee and Prior have entered into an agreement (the "Retention Agreement"), a copy of which is annexed to the Prior Affidavit as Exhibit "1". Pursuant to the Retention Agreement, and subject to approval by this Court, Prior will receive a 10% contingency commission from any Unscheduled Assets recovered by Prior solely from sums actually recovered by Prior on account of the Unscheduled Assets.

10. The Trustee believes that Prior's fee is reasonable and appropriate under the circumstances. In addition, the Trustee believes that approval of the payment of such compensation to Prior, solely in the event there is a recovery by the estate and solely from the proceeds of any Unscheduled Assets, without the need for further application is reasonable and appropriate under the circumstances.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "B", authorizing him to employ Prior for the limited purpose of attempting to recover the Unscheduled Assets, and granting such other further relief as is just and proper.

Dated: October 28, 2016

COZEN O'CONNOR

/s/ Gregory F. Fischer
Gregory F. Fischer (No. 5269)
1201 North Market St, Suite 1001
Wilmington, DE 19801-1246
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Counsel to Jeoffrey L. Burtch,
Chapter 7 Trustee*

3