IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| CODE REBEL CORPORATION, | : Case No. 16-11236 (BLS) |
| Debtor. | : Objection Deadline: August 2, 2017 at 4:00 p.m. <br> : Hearing Date: August 9, 2017 at 9:15 a.m. |

## SECOND INTERIM FEE APPLICATION OF COZEN O'CONNOR FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE

Pursuant to Sections 330 and 331 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Cozen O'Connor ("Cozen") hereby files this second interim application (the "Application") for allowance of interim compensation in the amount of $68,279.00 and reimbursement of expenses in the amount of $590.90 for a total of $68,869.90 for the interim period November 1, 2016 through June 30, 2017 (the "Second Interim Period"). In support of this Application, Cozen respectfully represents as follows:

### Jurisdiction

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 327(a), 328(a), 330, and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 2014.

## Background

4. On May 18, 2016, the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.

5. Jeoffrey L. Burtch was appointed as interim trustee (the "Trustee") on or about May 18, 2016, pursuant to section 701 of the Bankruptcy Code. The meeting pursuant to section 341(a) of the Bankruptcy Code was held and concluded on June 14, 2016, and no trustee was elected to replace Mr. Burtch.

6. On June 16, 2016, the Trustee filed an Application to Employ Cozen O'Connor as General Counsel to the Trustee *Nunc Pro Tunc* to June 3, 2016 (the "Retention Application") [Docket No. 13].

7. On July 14, 2016, the Court entered an Order approving the Retention Application and authorizing Cozen's retention *nunc pro tunc* to June 3, 2016 [Docket No. 18].

8. Through the Retention Application, the Trustee requested that Cozen be (i) retained to represent the Trustee, and (ii) compensated on an hourly basis and be reimbursed for actual and necessary out-of-pocket expenses.

9. During the period covered by this Application, Cozen has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity in connection with the matters covered by this Application. There is no agreement or understanding between Cozen and any other person other than among the shareholders of Cozen for the sharing of compensation to be received for services rendered in this case.

10. No previous fee application has been filed for the fees and expenses requested herein.

11. On November 8, 2016, Cozen filed its First Interim Fee and Expense Application for Allowance of Compensation and Reimbursement of Expenses (the "First Interim Application") requesting a total of $119,260.31 for the interim period June 3, 2016 through October 31, 2016. On December 12, 2016, an Order was entered approving the First Interim Application and allowing payment of the requested fees and the requested expenses.

### Identity of Professionals

12. The members, associates, and paraprofessionals of Cozen who have rendered professional services in this case during the Second Interim Period are as follows: Mark E. Felger; Barry Klayman; Simon E. Fraser; Gregory F. Fischer; Maryann Millis; and Andrew May. Each professional's and paraprofessional's hourly rate, area of practice, and years in practice are set forth on a chart attached hereto as Exhibit "A."

### Summary of Services by Project

13. Cozen serves as counsel to the Trustee and has advised the Trustee with respect to various issues in connection with this case, with the principal activities being (i) the review of the Debtor's tangible assets to determine how best to maximize value; (ii) review of documents and conferences with the SEC and the Debtor regarding the SEC investigation and potential claims against former management; (iii) the negotiation and settlement with former officers and directors of the Debtor regarding relief from the automatic stay to enable the former directors access to the D&O policy proceeds; (iv) review of pending securities litigation; (v) negotiations with former management, counsel for the insurer and counsel for the securities plaintiffs regarding a global settlement of all claims against former management; and (vi) the review of claims filed against the estate.

14. The services rendered by Cozen during the Second Interim Period can be grouped into the categories set forth below. The attorneys and paraprofessionals who rendered services relating to each category are identified, along with the number of hours and the total compensation sought for each category, in Exhibit "A" attached hereto.

A. <u>BKA400: General/Case Administration</u>

Fees   $5,580.50                              Total Hours:   11.5

This category includes tasks related to the administration of this case, including: maintaining required mailing lists; case management; monitoring the case docket; attending to in-house files and file maintenance; requesting turnover of documents from Debtor's former counsel and the review of such documents. This category also includes meetings and conferences in which multiple matters were addressed that cannot easily be allocated to other task codes.

B. <u>BKA417: Asset Disposition</u>

Fees:   $1,325.00                             Total Hours:   2.8

This category includes tasks related to a review and assessment of intellectual property of the Debtor. This category also includes tasks related to the possible recovery of assets not listed in the Debtor's bankruptcy schedules.

C. <u>BKA417: Claims Review/Objections</u>

Fees:   $775.00                               Total Hours:   1.2

This category includes tasks related to the evaluation and reconciliation of claim issues.

D. <u>BKA422: Fee/Employment Applications</u>

Fees:   $104.00                               Total Hours:   .4

This category includes tasks related to the application to retain an asset recovery agent.

E.  BKA427: Litigation

Fees: $57,942.50                                    Total Hours: 88.6

This category includes tasks related to the pending SEC investigation and the investigation of claims against former management. This category also includes tasks relating the negotiation of a global settlement of the estate's claims and pending securities litigation with the former directors and officers and the insurance carrier, including the preparation and filing of a motion to approve the settlement.

F.  BKA428: Cozen O'Connor Fee Applications

Fees: $2,552.00                                     Total Hours: 7.1

This category includes tasks related to the preparation and filing of Cozen's First Interim Application as well as the preparation of a draft of Cozen's Second Interim Application.

**Description and Valuation of Services**

15.  Cozen attorneys and paralegals have expended a total of 111.6 hours in connection with this matter during the Second Interim Period as follows:

| ATTORNEYS/PARALEGALS | HOURS | RATE[1] |
|---|---|---|
| Mark E. Felger | 25.9 | $730 |
| Mark E. Felger | 24.3 | $720 |
| Barry M. Klayman | 15.5 | $720 |
| Barry M. Klayman | 6.2 | $650 |
| Simon E. Fraser | 19.5 | $565 |
| Gregory F. Fischer | .5 | $415 |
| Gregory F. Fischer | 2.6 | $390 |
| Maryann Millis | 8.6 | $270 |
| Maryann Millis | 7.5 | $260 |
| Andrew May | 1.0 | $175 |

16.  The nature of the work performed by each person is fully set forth in Exhibit "A" attached hereto. The rates charged to these estates are Cozen's normal hourly rates for work of

---

[1] Cozen's hourly rates are increased annually on January 1st.

5

this nature. The reasonable value of the services rendered by Cozen to the Trustee during the Second Interim Period is $68,279.00.

17. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, Cozen respectfully submits that the amount requested is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Cozen has reviewed the requirements of Local Rule 2016-2 and believes that this Application complies with that Local Rule.

### Actual and Necessary Expenses

18. A summary of the actual and necessary expenses incurred by Cozen for the Second Interim Period is attached hereto as Exhibit "B." Cozen utilizes outside copier services for high-volume projects, and this Application seeks the recovery of those costs. Cozen also charges all of its clients $1.00 per page for outgoing facsimile transactions. On-line legal research (LexisNexis and Westlaw) is charged to clients at Cozen's discounted cost. The standard cost of LexisNexis and Westlaw research sessions is discounted each month by allocating the savings realized during that month pursuant to special contracts that Cozen has negotiated with LexisNexis and Westlaw.

19. Cozen believes that the foregoing rates are at or below the market rates that the majority of law firms charge for such services. In addition, Cozen believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

WHEREFORE, Cozen respectfully requests that this Court enter an Order in substantially the form attached hereto as Exhibit "C:" (a) allowing Cozen (i) interim compensation in the amount of $68,279.00 for actual, reasonable, and necessary professional services rendered on behalf of the Trustee during the interim period of November 1, 2016 through June 30, 2017, and (ii) reimbursement in the amount of $590.90 for actual, reasonable, and necessary expenses incurred during the same period; (b) authorizing the Trustee to pay Cozen the amount of $67,768.00; and (c) granting any further relief that may be appropriate.

Dated: July 12, 2017

COZEN O'CONNOR

_____
Mark E. Felger (No. 3919)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Email: mfelger@cozen.com

*Counsel for Jeoffrey L. Burtch,
Chapter 7 Trustee*

## VERIFICATION

STATE OF DELAWARE      :
                       :  SS
COUNTY OF NEW CASTLE   :

Mark E. Felger, after being duly sworn according to law, deposes and says:

a) I am a Shareholder with the applicant firm, Cozen O'Connor.

b) I have personally performed or supervised the legal services rendered by Cozen O'Connor, as counsel to Jeoffrey L. Burtch, Chapter 7 Trustee of Code Rebel Corporation.

c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016-2, and submit that the Application substantially complies with such Rule.

_____
Mark E. Felger

Sworn to and subscribed before
me this 12th day of July 2017

_____
Notary Public
My commission expires 9/3/2018

[Notary Seal: MARYANN MILLIS, MY COMMISSION EXPIRES Sept. 3, 2018, NOTARY PUBLIC, STATE OF DELAWARE]