IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CODE REBEL CORPORATION, | : | Case No. 16-11236 (BLS) |
| | : | |
| Debtor. | : | Objection Deadline: November 7, 2018 at 4:00 p.m. |
| | | Hearing Date: November 14, 2018 at 9:30 a.m. |

### CHAPTER 7 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

**Claimants receiving this Objection should locate their names and claims in Exhibit "A".**

Jeoffrey L. Burtch, in his capacity as Chapter 7 Trustee (the "Trustee") for the estate of the above captioned debtor (the "Estate" of the "Debtor"), hereby objects (the "First Omnibus Objection") to each of the claims listed on Exhibit "A" attached hereto and incorporated herein by reference, pursuant to Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this First Omnibus Objection, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this First Omnibus Objection pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

3. Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 501, 502, and Bankruptcy Rules 1001 and 3007, and Local Rules 1001-1(c) and 3007-1.

## BACKGROUND

5. On May 18, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Jeoffrey L. Burtch was appointed to serve as the interim trustee of the Estate shortly thereafter. Mr. Burtch now serves as Trustee pursuant to 11 U.S.C. § 702(d).

6. Since his appointment, the Trustee has administered the Estate for the benefit of the creditors in accordance with his power and duties under section 704 of the Bankruptcy Code.

7. The Trustee is currently reviewing and analyzing certain claims (collectively, and including any supporting documentation thereto, the "Proofs of Claim") filed in this case.

8. By this First Omnibus Objection, after review of the Proofs of Claim, the Trustee objects to each of the Proofs of Claim listed on Exhibit "A" (together, the "Disputed Claims") on a substantive basis for the reasons described below, and seeks entry of the proposed order attached hereto as Exhibit "C" pursuant to Section 502 of the Bankruptcy Code, and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure and Local Rule 3007-1 disallowing the Disputed Claims.

## Applicable Authority

9. Section 502[1] of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

11 U.S.C. § 502(a).

---

[1] All references to statutory sections in the Motion and the Exhibits to the Order refer to the statutory sections in effect as of the Petition Date.

Rule 3007(a) of the Bankruptcy Rules provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a).

## Relief Requested

10. The Trustee objects to each of the Disputed Claims identified on the chart annexed hereto at Exhibit "A" and incorporated herein by reference. By this First Omnibus Objection, which incorporates by reference the Trustee's declaration in support of the relief requested herein which is annexed hereto as Exhibit "B", the Trustee moves for entry of an order, pursuant to sections 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, granting the relief requested herein for each of the Disputed Claims identified on the Exhibit.

11. Claimants receiving this Objection should review Exhibit "A" to locate their name, the corresponding Disputed Claim that is the subject of this Objection, and the specific basis for the Trustee's objection to such Disputed Claim(s).

## SECURITIES CLASS ACTION CLAIMS

12. The Trustee objects to the Disputed Claims identified on Exhibit "A": Securities Class Action Claims. The Trustee has reviewed the Disputed Claims and determined that the claims must be disallowed in accordance with section 502 of the Bankruptcy Code and Bankruptcy Rules 3001 and 3007. For each such claim, the Trustee requests that the claim be disallowed for the reasons stated below and as stated on Exhibit "A."

13. On or about September 8, 2016, a proof of claim was filed against the Estate on behalf of Norman Healy and all others similarly situated by attorney Laurence Rosen of The

3

Rosen Law Firm, P.A. in the amount of $5,004,915.00 (the "Healy Claim"). The Healy Claim was assigned proof of claim number 3 on the Court's Claims Register. The Healy Claim asserted liability against the Estate related to a securities class action lawsuit against certain of the Debtor's directors and officers filed in the Superior Court for the State of California.

14. On or about September 8, 2016, a proof of claim was filed against the Estate on behalf of Robert Springer, *et al.* by attorney Phillip Kim of The Rosen Law Firm, P.A. in the amount of $40,000,000.00 (the "Springer Claim"). The Springer Claim was assigned proof of claim number 4 on the Court's Claims Register. The Springer Claim asserted liability against the Estate related to a securities class action lawsuit against certain of the Debtor's directors and officers filed in the United States District Court for the Southern District of New York.

15. On or about September 8, 2016, a proof of claim was filed against the Estate on behalf of George Torres and all others similarly situated by attorney Matthew Guiney of Wolf Haldenstein Adler Freeman & Herz LLP in the amount of $5,004,915.00 (the "Torres Claim", and together with the Healy Claim and Springer Claim, the "Securities Claims"). The Torres Claim was assigned proof of claim number 5 on the Court's Claims Register. The Torres Claim asserted liability against the Estate related to a securities class action lawsuit against certain of the Debtor's directors and officers filed in the Superior Court for the State of California.

16. After the Trustee's appointment in this bankruptcy case, he began investigating potential causes of action against the Debtor's directors and officers on behalf of the Estate, including but not limited to breaches of fiduciary duties, equitable subordination, disgorgement of improperly received funds from the Estate and fraudulent and preferential transfers (the "Trustee Claims").

17. On the Petition Date and at relevant times thereafter, the Debtor owned a Lloyd's Advance Boardroom and Company Protection Policy, under which the Debtor and certain of its directors and officers were insureds (the "Policy").

18. After the Petition Date, the Trustee, certain of the Debtor's directors and officers, and the plaintiffs filing the Securities Claims reached a resolution of the Securities Claims and the Trustee Claims, resulting in a payout from the Policy and mutual releases, memorialized in a settlement agreement (the "Settlement Agreement"). The Settlement Agreement was approved by this Court on June 9, 2017. D.I. 43. The Settlement Agreement included a release of the liability asserted against the Estate through the Securities Claims.

19. Paragraph 14 of the Settlement Agreement provides that the settling Plaintiffs (therein defined) shall release the Trustee and the Estate "from any and all liability, claims or demands in connections with the Securities Claims, the Amended Claims, as well as any and all liability, claims or demands, whether known or unknown, that were or could have been asserted, arising from or relating to any activities of Code Rebel." *See* D.I. 43, Exh. A.

20. The releases included in the Settlement Agreement were to become effective upon the satisfaction of certain conditions precedent as enumerated in the Settlement Agreement at paragraph 24(a). *Id.* The Trustee believes all such conditions have been satisfied. Therefore, the Settlement Agreement and its releases absolve the Estate of any liability on the Securities Claims. The Securities Claims should be disallowed in their entirety.

21. The Trustee objects to the Disputed Claims for the reasons stated above and in the column labeled "Reason for Disallowance" on Exhibit "A."

## SEPARATE CONTESTED MATTERS

22. Each of the Disputed Claims and the Trustee's objections thereto constitute a separate contested matter pursuant to Bankruptcy Rule 9014 and Local Rule 3007-1. The

Trustee requests that any order entered by the Bankruptcy Court with respect to the First Omnibus Objection be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO THE FIRST OMNIBUS OBJECTION

### A. Filing and Service of Responses

23. Pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, in the event a claimant does not agree to the disallowance of the Disputed Claims and/or otherwise contests any of the relief sought in this First Omnibus Objection, a claimant must file a written response to the First Omnibus Objection (a "Response") with the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801 on or before **November 7, 2018 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

24. At the same time a claimant files a written Response, if any, with the Bankruptcy Court, the claimant must also serve a copy of the written Response upon the Trustee's counsel:

> Gregory F. Fischer, Esquire
> COZEN O'CONNOR
> 1201 North Market Street, Suite 1001
> Wilmington, DE 19801
> Email: gfischer@cozen.com

25. Any Response filed with the Bankruptcy Court and served on the Trustee's counsel, should **not** disclose social security numbers or other personal information.

26. If a Response to this First Omnibus Objection is not received by the Response Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

27. If a Response contains an address different from that stated on the Disputed Claims actually filed, the address in the Response shall control and shall be the service address for future service of papers.

B.  Timely Response Required; Hearing; Replies

28. If a Response is properly and timely filed and served in accordance with the above procedures, the Trustee will attempt to reach a consensual resolution with the responding claimant. If no consensual resolution is reached, the Bankruptcy Court will conduct a hearing with respect to the First Omnibus Objection and the Response on **November 14, 2018 at 9:30 a.m. (Prevailing Eastern Time)** or other such date and time as the parties filing responses may be notified. Only those Responses made in writing and timely filed and received will be considered by the Bankruptcy Court at any such hearing. The Trustee reserves the right to adjourn a hearing with respect to a specific objection set forth herein and any Response thereto.

29. If a claimant whose Claim is subject to the First Omnibus Objection fails to file and serve a timely Response on or before the Response Deadline, the Trustee will present to the Bankruptcy Court an appropriate order **without further notice to the claimant**.

### NOTICE

30. The Trustee will provide notice of this First Omnibus Objection by (a) mailing a copy of the First Omnibus Objection to the claimants listed on Exhibit "<u>A</u>" by first-class, U.S. mail, postage prepaid to the addresses listed on each of the Proofs of Claim. A copy of this First Omnibus Objection is also being served upon the United States Trustee.



### RESERVATION OF RIGHTS

31. In the First Omnibus Objection, the Trustee has asserted certain objections to the Disputed Claims. The Trustee expressly reserves the right to amend, modify, or supplement the objections asserted herein and to file additional objections, including without limitation, pursuant to Section 502(d) of the Bankruptcy Code, to the Disputed Claims or any other claims (whether filed or not filed) that may be asserted against the Estate. Should the First Omnibus Objection be

dismissed or overruled, the Trustee reserves the right to object on any other grounds that the Trustee discovers during the pendency of this case.

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 3007-1

32. The undersigned representative of Cozen O'Connor ("Cozen") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the First Omnibus Objection substantially complies with that Local Rule. To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Cozen believes that such deviations are not material, and respectfully requests that any such requirements be waived.

**WHEREFORE**, the Trustee respectfully requests that the Bankruptcy Court: (i) sustain this First Omnibus Objection, (ii) enter an Order, substantially in the form which is attached hereto as Exhibit "C" disallowing the Disputed Claims, and (iii) grant such other and further relief as the Bankruptcy Court may deem just and proper.

Dated: October 8, 2018

COZEN O'CONNOR

/s/ Gregory F. Fischer
Gregory F. Fischer (DE No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*